UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 14-CV-832

_____

Victor Ortiz,

        Plaintiff,

v.

Portfolio Recovery Associates, LLC,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

_____

1. Plaintiff Victor Ortiz ("Consumer") brings this action to address the violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by Portfolio Recovery Associates, LLC ("Debt Collector"), as well as to request a declaration of rights under Minn. Stat. § 555.01.

**JURISDICTION, VENUE, AND PARTIES**

2. The United States District Court has jurisdiction over all FDCPA claims, federal questions, and supplemental state issues. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331; 28 U.S.C. § 1367.

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person residing in Minneapolis, Minnesota and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Debt Collector is a Delaware limited liability corporation with a registered Minnesota address of 380 Jackson Street, Suite 700, St. Paul, MN 55101. The principal business and purpose of Debt Collector is the collection of debts, making it a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

6. Consumer satisfied in full a debt owed to Debt Collector on February 20, 2014, as evinced by a letter received from Rausch, Sturm, Israel, Enerson & Hornik, LLC, a collection law firm employed by Debt Collector, stating "your account has been settled in full." *See Satisfaction Letter attached as* **EXHIBIT A.**

7. Later the same day, Consumer sent notice of the debt's satisfaction and a copy of the letter to Debt Collector through Trans Union, LLC ("Trans Union"), stating "as you can see by this document I have paid in full the collection reporting from [Debt Collector]. Please update my bureau as soon as you can as I am trying to purchase a home." *See Trans Union fax attached as* **EXHIBIT B**.

8. The fax also asked Debt Collector to "please remove the dispute comment (consumer disputes) as I am no longer disputing because I paid this." *See* **EXHIBIT B**.

9. Trans Union forwarded Consumer's fax and the attached satisfaction letter to Debt Collector as required by the Fair Credit Reporting Act, 15 U.S.C. §

1681 *et seq.*

10. After receiving Consumer's letter, Debt Collector updated Consumer's Trans Union credit report on March 13, 2014. *See pages 2 and 3 of Credit Report attached as* **EXHIBIT C**.

11. In this update to Trans Union, Debt Collector both re-alleged an existing unpaid balance on the debt and continued to report that Consumer was disputing the debt. *See* **EXHIBIT C**.

## FDCPA REQUIREMENTS

12. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

13. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e(2)(A)

14. Consumer reincorporates all other allegations as if set forth herein in full.

15. Debt Collector violated § 1692e(2)(A) by misrepresenting that Consumer owed an outstanding debt in its update to Trans Union.

16. This misreported amount harms Consumer's credit score by putting a negative, past-due account on his report, which is in turn accessible by lenders, employers, and other interested parties reviewing his finances.

17. Debt Collector's violation misrepresents Consumer's creditworthiness and impedes his ability to seek home financing.

18. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court. 15 U.S.C. § 1692k.

## COUNT II: VIOLATION OF 15 U.S.C. § 1692e(8)

19. Consumer reincorporates all other allegations as if set forth herein in full.

20. Debt Collector violated § 1692e(8) by misrepresenting that Consumer continued to dispute a debt which he explicitly stated that he no longer disputed.

21. This misreporting, besides containing false information concerning the status of the debt, makes it seem as if there is controversy surrounding the status of a debt which Consumer fully and properly satisfied.

22. Debt Collector's misreporting punishes Consumer for correctly and responsibly paying off a debt.

23. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court. 15 U.S.C. § 1692k.

## COUNT III: DECLARATION OF RIGHTS

24. Consumer reincorporates all other allegations as if set forth herein in full.

25. Minn. Stat. § 555.01 allows a party to seek a declaration of its rights under the law.

26. Consumer is entitled to a determination that his debt owed to Debt Collector has been satisfied as evinced by the satisfaction letter, and should be reported to credit bureaus like Trans Union as such.

## JURY TRIAL

27. Consumers demand a trial by jury under Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Consumers request an Order for the following relief:

1. Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee.

2. Judgment declaring that the Debt has been satisfied and should properly be reporting a zero balance.

3. All other relief which the Court deems just and equitable.


Dated: 3/26/14                                      */s/ Bennett Hartz*
                                                    Jonathan L. R. Drewes (#387327)
                                                    Bennett Hartz (#393136)
                                                    DREWES LAW, PLLC
                                                    1516 West Lake Street, Ste 300
                                                    Minneapolis, MN 55408
                                                    T (612) 285-3064
                                                    F (612) 285-3062
                                                    bennett@dreweslaw.com
                                                    ***Attorneys for Consumer***